CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

AUG 09 2019

JULIA C. DUDLEY, CLERK
BY: /s/
   DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| **JEREMY EDWARD BALL,** | CASE NO. 7:19CV00495 |
| **Plaintiff,** | |
| v. | **MEMORANDUM OPINION** |
| **REBECCA ASBURY,** | By: Glen E. Conrad |
| | Senior United States District Judge |
| **Defendant.** | |

Plaintiff Jeremy Edward Ball, a Virginia inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983 against his probation officer. The complaint alleges that although the circuit court judge said that Ball did not have to register as a sex offender, Ball's probation officer "violated" Ball and told him that he would not be released from jail until he "did so." Compl. 2, ECF No. 1. As relief, Ball seeks to have the probation "violation" reversed and to have the registry "dropped." Id. Upon review of the record, the court concludes that the action must be summarily dismissed.

The court must dismiss any action filed by a prisoner against a governmental entity or officer if the court determines the action or claim is frivolous, malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b)(1). The court construes Ball's claim as a challenge to the lawfulness of his current confinement and the officer's insistence that he register as a sex offender as a condition of his release. When an inmate seeks to challenge the fact or duration of his detention, a civil rights complaint under § 1983 is not the proper legal remedy. Preiser v. Rodriguez, 411 U.S. 475, 489 (1973) (finding that habeas corpus is exclusive remedy for prisoner challenging fact or duration of confinement based on allegedly unconstitutional administrative action). A prisoner may raise such challenges to his detention in federal court

only by filing a petition for a writ of habeas corpus, after he has exhausted available state court remedies. Id.; see also 28 U.S.C. § 2254(b) (regarding exhaustion requirement).

Because Ball's challenge to the validity of his current confinement is not actionable under § 1983,[1] the court will summarily dismiss this case without prejudice, pursuant to § 1915A(b)(1), as legally frivolous.[2] A separate order will issue herewith.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

**ENTER**: This 9th day of August, 2019.

                                                    /s/ Conrad
                                         Senior United States District Judge

---

[1] Nothing in Ball's complaint indicates that he has exhausted available state court remedies regarding the revocation of his probation, such as a motion for reconsideration, an appeal, or a state court habeas corpus action. He must exhaust all such available remedies before he can file his current claims in a federal habeas corpus petition. Therefore, the court declines to construe his submission as a federal habeas petition under 28 U.S.C. § 2254.

[2] To the extent that Ball may wish to seek monetary damages or other relief directed at his probation officer personally, his claims are barred under Heck v. Humphrey, 512 U.S. 477, 486-87 (1994) (finding that alleged violations of plaintiff's constitutional rights are not actionable under § 1983 if a finding in plaintiff's favor would necessarily invalidate his confinement).

2